**Bertha BOWLES, Appellant,**

v.

**BOLDMAN FUEL COMPANY, Inc., et al.,
Appellees.**

Court of Appeals of Kentucky.

May 16, 1958.

O. T. Hinton, Hinton & May, Pikeville, for appellant.

Baird & Hays, Wine & Venters, E. N. Venters, Pikeville, for appellees.

CLAY, Commissioner.

This action involves a construction of the will of M. G. Bowles, who died in 1943. His widow is the plaintiff, and she is claiming an interest in a coal lease executed after the testator's death by the residuary legatees. The Chancellor dismissed her claim.

By the will the widow was given a life estate in "one-half of my undivided interest (which is now ⅗oths) *in the coal and oil and gas rentals and/or royalties* which may accrue under leases now in existence, or which I may hereafter make, * * *." (Emphasis ours.)

The widow claims that she was given a one-half undivided life interest *absolutely* in the coal lands, conceding that she acquired only a life interest in the oil and gas *rentals or royalties accruing under leases executed by the testator.* This contention is based on the theory that the first "and" (separating "coal" and "oil") was used disjunctively to segregate the coal from the oil and gas. On the other hand appellees contend, and the Chancellor found, that this word "and" was used conjunctively to put the coal, oil and gas within a single classification, with the result that the testator devised only an interest in rentals or royalties under his leases of either coal, oil or gas.

It is clear to us that the first "and" was used by the testator for the same purpose

as the second "and". Each was used conjunctively to express a general relationship, such as "together with". See Oliver v. Oliver, 286 Ky. 6, 149 S.W.2d 540. Had the writing contained a comma or semicolon after the word "coal", a difficult question of construction perhaps would have been presented. As the will was written, we think it apparent that the coal, oil and gas were placed in the same category. Plaintiff has presented no sound reason why the coal should be treated separately.

The Chancellor properly dismissed the widow's claim.

The judgment is affirmed.